RELIANCE STANDARD LIFE )
INSURANCE COMPANY, )
           )
  Plaintiff, )
           )
  v. )   CAUSE NO. 1:09-CV-158-TS
           )
CYNTHIA K. LYONS, JOHN E. LYONS, )
MICHAEL B. LYONS, and LAKE CITY BANK, )
           )
  Defendants. )
_____)
LAKE CITY BANK, )
           )
  Third Party Plaintiff, )
           )
  v. )
           )
THE STANDARD INSURANCE COMPANY, )
and CIGNA CORPORATION a/k/a )
CIGNA GROUP INSURANCE COMPANY, )
           )
  Third Party Defendants. )
_____)
LAKE CITY BANK, )
           )
  Cross-Claimant, )
           )
  v. )
           )
CYNTHIA K. LYONS, JOHN E. LYONS, and )
MICHAEL B. LYONS, )
           )
  Cross-Defendants. )

**OPINION AND ORDER**

   This dispute is over the life insurance benefits payable under three group life insurance

policies upon the death of John F. Lyons, a former partner with the law firm of Barrett &

McNagny LLP (Barrett & McNagny). These group life insurance policies are employee welfare

benefit plans governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq*. Mr. Lyons had designated Cynthia K. Lyons (his wife) and John E. Lyons and Michael B. Lyons (his sons) (collectively "the Lyons parties") as beneficiaries of the policies. Mr. Lyons also owed some outstanding financial obligations to Lake City Bank and had agreed to execute assignments of these policies to Lake City Bank. However, he never executed assignments or changed the beneficiaries on the policies. Because Lake City Bank lodged rival claims to the life insurance proceeds, this case was instituted to determine the rightful beneficiaries.

The parties have elected to use the vehicle of summary judgment to present their respective claims and to put before the Court the relevant evidentiary materials. Now pending before the Court are the following motions that are ripe for ruling: Cynthia K. Lyons's Motion for Summary Judgment [ECF No. 69]; Lake City Bank's Motion for Summary Judgment [ECF No. 72]; John E. and Michael B. Lyons's Joint Motion for Summary Judgment [ECF No. 75]; The Standard Insurance Company's (Standard Insurance) Motion for Summary Judgment [ECF No. 77]; Lake City Bank's Motion to Strike Designated Evidence of Cynthia K. Lyons [ECF No. 85]; and Standard Insurance's Motion to Strike the Affidavit of Michael E. Gavin [ECF No. 86].

## PROCEDURAL BACKGROUND

On June 8, 2009, Reliance Standard Life Insurance Company (Reliance Standard) filed an Interpleader Complaint and Request for Declaratory Judgment [ECF No. 1] and named Cynthia K. Lyons, John E. Lyons, Michael B. Lyons, and Lake City Bank as Defendants. Reliance Standard predicated this Court's subject-matter jurisdiction on 28 U.S.C. §§ 1331, 1332, and 1335 and 29 U.S.C. § 1132(e). This Interpleader Complaint addresses competing

claims to proceeds of a Reliance Standard group policy (policy number GL-136322) insuring the life of John F. Lyons. On June 30, Reliance Standard was granted leave to deposit funds (i.e., the death benefit payable under policy number GL-136322) into the registry of the Court. On July 8, John E. Lyons filed an Answer [ECF No. 15] to Reliance Standard's Interpleader Complaint.

On July 24, Defendant Lake City Bank filed an Amended Answer to Reliance Standard's Complaint, Third-Party Complaint, and Cross-Claim [ECF No. 20]. Lake City Bank premises subject-matter jurisdiction over its Third-Party Complaint on 28 U.S.C. §§ 1331 and 1332 and pendent jurisdiction over its state-law claims, and it names Standard Insurance and Cigna Corporation a/k/a Cigna Group Insurance Company (more correctly identified as Life Insurance Company of North America (LINA)) as Third-Party Defendants and asserts claims to proceeds of a Standard Insurance group policy (policy number 645290-A) insuring the life of James F. Lyons and of a LINA group policy (policy number SGM-600231) insuring the life of James F. Lyons. Lake City Bank's claims to the proceeds are predicated upon a settlement agreement that John F. Lyons and Michael B. Lyons entered into with Lake City Bank, and the bank has asserted equitable liens against the proceeds. Lake City Bank asserts its Cross-Claim against the Lyons parties, claiming under the settlement agreement a right to the proceeds of the Reliance Standard, Standard Insurance, and LINA life insurance policies, as well as the proceeds of a Lincoln Financial Group policy (policy number 21652545).[1] The bank also alleges unjust enrichment in its Cross-Claim.

On July 29, LINA filed an Answer to Third-Party Complaint and a Counterclaim and Cross-Claim in Interpleader [ECF No. 26] under Federal Rule of Civil Procedure 22. LINA asserted its Counterclaim and Cross-Claim in Interpleader against Lake City Bank and the Lyons

---

[1] The parties' summary judgment materials do not appear to address this Lincoln Financial policy.

parties.

On August 7, Cynthia K. Lyons filed an Answer to Reliance Standard's Interpleader Complaint [ECF No. 30], an Answer to Lake City Bank's Cross-Claim, Affirmative Defenses, and Cross-Claim Against Lake City Bank [ECF No. 31], and an Answer to LINA's Counterclaim and Cross-Claim in Interpleader [ECF No. 33]. On August 18, Michael B. Lyons filed an Answer to Reliance Standard's Interpleader Complaint [ECF No. 35], an Answer to Lake City Bank's Cross-Claim, Affirmative Defenses, and Cross-Claim Against Lake City Bank [ECF No. 39], and an Answer to LINA's Counterclaim and Cross-Claim [ECF No. 41]. On August 18, John E. Lyons filed an Answer to Lake City Bank's Cross-Claim, Affirmative Defenses, and Cross-Claim Against Lake City Bank [ECF No. 38] and an Answer to LINA's Counterclaim and Cross-Claim [ECF No. 40].

On August 18, Lake City Bank filed an Answer to LINA's Counterclaim and Cross-Claim in Interpleader [ECF No. 42]. On August 27, Lake City Bank filed an Answer to Cross-Claim of Cynthia K. Lyons [ECF No. 46]. On September 8, Lake City Bank filed an Answer to Cross-Claim of John E. Lyons [ECF No. 48] and an Answer to Cross-Claim of Michael B. Lyons [ECF No. 49].

On October 14, Michael B. Lyons filed an Amended Answer to Lake City Bank's Cross-Claim, Affirmative Defenses, and Cross-Claim Against Lake City Bank [ECF No. 60] and an Amended Answer to Reliance Standard's Interpleader Complaint [ECF No. 61]. On October 14, John E. Lyons filed an Amended Answer to Lake City Bank's Cross-Claim, Affirmative Defenses, and Cross-Claim Against Lake City Bank [ECF No. 62].

On October 14, the Court granted Reliance Standard's Motion for Final Decree of Interpleader and ordered that Reliance Standard be discharged and dismissed with prejudice

from this case. Reliance Standard had earlier deposited the proceeds of group life insurance policy number GL-136322. On October 15, LINA was granted leave to deposit funds (i.e., the death benefit payable under policy number SGM-600231) into the registry of the Court. On October 23, the Court ordered that LINA be discharged and dismissed with prejudice from this case. The proceeds of LINA's insurance policy number SGM-600231 were deposited in the registry of the Court.

On November 2, Standard Insurance filed the administrative record [ECF No. 68] related to Lake City Bank's claim to the proceeds of the Standard Insurance policy. On November 19, Cynthia K. Lyons filed a Motion for Summary Judgment [ECF No. 69], a Memorandum of Law in Support [ECF No. 70], and an Appendix of Exhibits in Support [ECF No. 71]. On November 20, Lake City Bank filed a Motion for Summary Judgment [ECF No. 72], a Memorandum in Support [ECF No. 73], and evidentiary materials in support [ECF No. 74]. On November 20, John E. Lyons and Michael B. Lyons filed a Joint Motion for Summary Judgment [ECF No. 75], with an attached Affidavit [ECF No. 75-2], and a Memorandum in Support [ECF No. 76]. On November 20, Standard Insurance filed a Motion for Summary Judgment [ECF No. 77], a Memorandum in Support [ECF No. 78], and an Appendix [ECF No. 79] of evidentiary materials. On December 31, John E. Lyons and Michael B. Lyons filed a Response to Lake City Bank's Motion for Summary Judgment [ECF No. 82], and Cynthia K. Lyons filed her Response to the same Motion [ECF No. 83]. Also on December 31, Lake City Bank filed a Response [ECF No. 84] to the Motions for Summary Judgment filed by the Lyons parties and Standard Insurance, as well as a Motion to Strike Designated Evidence of Cynthia K. Lyons [ECF No. 85]. On December 31, Standard Insurance filed a Motion to Strike the Affidavit of Michael E. Gavin [ECF No. 86] and a Response in Opposition to Lake City Bank's Motion for Summary Judgment

[ECF No. 87]. On January 14, 2010, Lake City Bank filed a Response to Standard Insurance's Motion to Strike [ECF No. 88]. On January 15, Cynthia K. Lyons filed a Response in Opposition to Lake City Bank's Motion to Strike [ECF No. 89] and a Supplemental Designation of Evidentiary Exhibits in Support of Motion for Summary Judgment [ECF No. 90]. On January 21, Standard Insurance filed a Reply in Support of Its Motion to Strike [ECF No. 91].

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that motions for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 608–09 (7th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). Under Rule 56(e)(2), a party opposing a properly made and supported motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." If appropriate, summary judgment should be entered against a party who fails to so respond. Fed. R. Civ. P. 56(e)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that a court should enter summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). A court's role on summary judgment is not to weigh the evidence, make credibility determinations, or decide which inferences to draw

from the facts, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 255; *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007); *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Thus, a court in ruling on a summary judgment motion construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *AA Sales & Assocs.*, 550 F.3d at 609.

When cross-motions for summary judgment are filed, the Court evaluates each motion on its merits. The filing of such cross-motions does not imply the absence of material fact issues. *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs, Local 150*, 335 F.3d 643, 647 (7th Cir. 2003). Additionally, the parties bear "different burdens of proof with respect to particular facts," and "different legal theories will have an effect on which facts are material." *Id.* at 648. The Court construes "all facts and inferences therefrom 'in favor of the party against whom the motion under consideration is made.'" *In re United Air Lines, Inc.*, 453 F.3d 463, 468 (7th Cir. 2006) (quoting *Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 536 (7th Cir. 2005)).

## FACTS

On May 30, 1999, John F. Lyons married Cynthia K. Lyons. John E. and Michael B. Lyons were his sons. John F. Lyons was an attorney/partner at the law firm Barrett & McNagny. On March 31, 2009, he died. At the time of his death, his life was insured by group life insurance policies issued by Reliance Standard (policy number GL-136322) for $450,000.00, LINA (policy number SGM-600231) for $50,000.00, and Standard Insurance (policy number 645290-A) for $500,000.00. These life insurance policies were part of an employee welfare benefit plan subject to ERISA.

**A.       The Reliance Standard Policy**

The Reliance Standard policy provides that, "[w]hen loss of life covered under the Policy occurs, [Reliance Standard] will pay the amount stated on the Schedule of Benefits to the named beneficiary, subject to provisions entitled Beneficiary and Facility of Payment." (ECF No. 90-4 at 18.) As to assignment, the Reliance Standard policy states:

> Ownership of any benefit provided under the Policy may be transferred by assignment. An irrevocable beneficiary must give written consent to assign this insurance. Written request for assignment must be made in duplicate at our Administrative Offices. Once recorded by us, an assignment will take effect on the date it was signed. We are not liable for any action we take before the assignment is recorded.

(ECF No. 90-5 at 3.) As to beneficiary, the Reliance Standard policy provides that "[t]he beneficiary will be as named in writing by you to receive benefits at your death. This beneficiary designation must be on file with [Reliance Standard] or the Plan Administrator and will be effective on the date you sign it." (ECF No. 90-5 at 8.) Regarding payment of claims, the Reliance Standard policy states that "[p]ayment will be made as soon as proper proof is received. All benefits will be paid to you, if living. Any benefits unpaid at the time of death, or due to death, will be paid to the beneficiary." (ECF No. 90-5 at 16.)

On or about January 19, 2004, John F. Lyons designated Cynthia K. Lyons, John E. Lyons, and Michael B. Lyons as named beneficiaries under the Reliance Standard policy. Each was designated to receive 33 and 1/3% of the proceeds from the policy. On or about April 30, 2009, the named beneficiaries of the policy filed proof of death claim forms with Reliance Standard. Prior to his death, John F. Lyons neither executed nor delivered to Barrett & McNagny any assignment of the policy or change in beneficiary forms.

**B.     The LINA Policy**

The LINA policy provides that, "[i]f an Insured dies, we will pay the Life Insurance Benefit in force for that Insured on the date of his or her death." (ECF No. 33-6 at 12; ECF No. 71-10 at 12.) It states that "Death Benefits will be paid to the Insured's named beneficiary, if any, on file at the time of payment or to the certificate owner if alive." (ECF No. 33-6 at 16; ECF No. 71-10 at 16.) As to change of beneficiary, the LINA policy provides:

> You may change your beneficiary at any time by giving written notice to the Employer or to [LINA]. . . . No change in beneficiary will take effect until the form is received by the Employer or [LINA]. When this form is received, it will take effect as of the date of the form. If you die before the form is received, we will not be liable for any payment that was made before receipt of the form.

(ECF No. 33-6 at 17; ECF No. 71-10 at 17.) Concerning assignment of benefits, the LINA policy states:

> We will not be affected by the assignment of your certificate until the original assignment or a certified copy of the assignment is filed with us. We will not be responsible for the validity or sufficiency of an assignment. An assignment of benefits will operate so long as the assignment remains in force provided insurance under the Policy is in effect. This insurance may not be levied on, attached, garnished, or otherwise taken for a person's debts. This prohibition does not apply where contrary to law.

(ECF No. 33-6 at 18; ECF No. 71-10 at 18.)

On or about December 14, 2006, John F. Lyons designated Cynthia K. Lyons, John E. Lyons, and Michael B. Lyons as named beneficiaries under the LINA policy. Cynthia K. Lyons was designated to receive 50% of the proceeds from the policy, and John E. Lyons and Michael B. Lyons were designated to each receive 25% of the proceeds from the policy. On or about April 30, 2009, the named beneficiaries of the policy filed proof of death claim forms with LINA. Prior to his death, John F. Lyons neither executed nor delivered to Barrett & McNagny any assignment of the policy or change in beneficiary forms.

**C.      The Standard Insurance Policy**

The Standard Insurance policy provides that, "[i]f you die while insured for Life

Insurance, we will pay benefits according to the terms of the Group Policy after we receive Proof

Of Loss satisfactory to us." (ECF No. 71-7 at 10; ECF No. 79-2 at 10.) The policy states that

"[t]he rights and benefits under the Group Policy cannot be assigned." (ECF No. 71-8 at 5; ECF

No. 79-2 at 22.) As to payment of benefits, the Standard Insurance policy provides that, with

some exceptions not relevant here, "benefits payable because of your death will be paid to the

Beneficiary you name."  (ECF No. 71-8 at 6; ECF No. 79-2 at 23.) The policy defines

beneficiary as "a person you name to receive death benefits" and permits "one or more

Beneficiaries" to be named. (ECF No. 71-8 at 6; ECF No. 79-2 at 23.) The Standard Insurance

policy permits an insured to "name or change Beneficiaries at any time without the consent of a

Beneficiary," but it imposes the following requirements:

> You must name or change Beneficiary in writing. Writing includes a form signed
> by you or a verification from the Policyholder or Employer of an electronic or
> telephonic designation made by you.
> Your designation:
> 1.      Must be dated;
> 2.      Must be delivered to the Policyholder or Employer during your lifetime;
> 3.      Must relate to the insurance provided under the Group Policy; and
> 4.      Will take effect on the date it is delivered to the Policyholder or Employer.
> If we approve it, a designation, which meets the requirements of a Prior Plan will
> be accepted as your Beneficiary designation under the Group Policy.

 (ECF No. 71-8 at 7; ECF No. 79-2 at 24.)

The Standard Insurance policy provides as follows regarding allocation of authority:

> Except for those functions which the Group Policy specifically reserves to the
> Policyholder, [Standard Insurance] ha[s] full and exclusive authority to control
> and manage the Group Policy, to administer claims, and to interpret the Group
> Policy and resolve all questions arising in the administration, interpretation, and
> application of the Group Policy.
> Our authority includes, but is not limited to:
> 1.      The right to resolve all matters when a review has been

    requested;
  2.  The right to establish and enforce rules and procedures for
    the administration of the Group Policy and any claim under
    it;
  3.  The right to determine:
    a.  Eligibility for insurance;
    b.  Entitlement to benefits;
    c.  Amount of benefits payable;
    d.  Sufficiency and the amount of information
      we may reasonably require to determine a.,
      b., or c., above.
  Subject to the review procedures of the Group Policy any decision we make in the
  exercise of our authority is conclusive and binding.

(ECF No. 68-2 at 25; ECF No. 79-2 at 25.)

On or about April 2, 2007, John F. Lyons designated Cynthia K. Lyons, John E. Lyons, and Michael B. Lyons as named beneficiaries under the Standard Insurance policy. Cynthia K. Lyons was designated to receive 50% of the proceeds from the policy, and John E. Lyons and Michael B. Lyons were designated to each receive 25% of the proceeds from the policy. On or about April 30, 2009, the named beneficiaries of the policy filed proof of death claim forms with Standard Insurance. Prior to his death, John F. Lyons neither executed nor delivered to Barrett & McNagny any assignment of the policy or change in beneficiary forms.

**D.**   **Standard Insurance's Handling of Lake City Bank's Claim**

On April 20, 2009, Standard Insurance received a letter dated April 16, 2009, from Attorney J. Richard Donovan of Rothberg Logan & Warsco LLP, counsel for Lake City Bank, which states:

  In connection with the Bank's commercial lending relationship with John F.
  Lyons and related Settlement Agreement executed on or about December 15,
  2008 by Mr. Lyons and the Bank, Mr. Lyons pledged and assigned to the Bank an
  interest in benefits payable from Policy No. 645290-A. We hereby notify
  Standard Life Insurance Company [sic] of the Bank's interest in said benefits and
  request that you contact us immediately upon receipt hereof to discuss with us

additional information, if any, needed to ensure the Bank's interest is duly
satisfied upon any distribution of benefits under the Policy.

(ECF No. 68-3 at 103.) On May 6, a Standard Insurance representative left a voice mail message

with Attorney Anthony Stites, the benefits administrator with Barrett & McNagny, asking if

Barrett & McNagny had received a beneficiary designation form naming Lake City Bank as a

beneficiary under the Standard Insurance policy. Mr. Stites responded that Barrett & McNagny

did not have any beneficiary changes on file other than the original beneficiary designation

previously submitted to Standard Insurance. In a letter dated May 6, 2009, to counsel for Lake

City Bank, Standard Insurance indicated its receipt of the April 16, 2009, letter and its initial

assessment that Lake City Bank has no claim because the policy prohibited assignment of the

rights and benefits under the policy. Standard Insurance's May 6, 2009, letter also provided the

relevant provisions of the policy that prohibited assignments and specified how to name a

beneficiary, stated that it had confirmed with Barrett & McNagny that it had received no

beneficiary designation form, indicated that Barrett & McNagny had provided a signed

beneficiary form naming certain living individuals as beneficiaries, advised that it intended to

release the benefits to the named beneficiaries, and directed the bank to notify Standard

Insurance in writing of the basis for its claim and the appropriate legal authority.

On May 26, Standard Insurance received a letter dated May 21, 2009, from counsel for

Lake City Bank that included as an enclosure a settlement agreement signed by Lake City Bank,

J. Frederick Development, LLC, John F. Lyons, and others. Paragraph 5(b) of the settlement

agreement provides, in relevant part, as follows:

> Upon execution of this Agreement [John F.] Lyons shall execute certain
> Assignments of Life Insurance Policy (collectively, the "Assignments") in favor
> of Bank, assigning, transferring and setting over to Bank the following insurance
> policies, owned by and insuring the life of John Lyons, and the benefits payable
> therefrom, pursuant to the terms and conditions of each Assignment thereof:

(i)      Policy No. 00645290 0001 issued by The Standard Insurance Company;
(ii)     Policy No. GL136322 issued by Reliance Standard Insurance;
(iii)    Policy No. SGM600231 issued by Cigna Group Insurance; and
(iv)    Policy No. 21652545 issued by Lincoln Financial Group.

(ECF No. 68-3 at 54.) In the May 21, 2009, letter, counsel for Lake City Bank stated:

> This office represents Lake City Bank of Warsaw, Indiana, which is asserting an equitable lien on the life insurance proceeds on the [Standard Insurance group policy]. I am enclosing with this letter a copy of the Settlement Agreement executed by Mr. Lyons on or about December 15, 2008. Under paragraph 5(b) of the Agreement, Mr. Lyons agreed to execute an Assignment of the above-referenced life insurance policy benefits to Lake City Bank. Mr. Lyons died before the written Assignment naming the Bank as the beneficiary could be executed.
> . . .
> By this letter, we are placing you on notice of Lake City Bank's equitable lien on the life insurance proceeds.
> . . .
> According to the Settlement Agreement executed by Mr. Lyons in December 2008, Lake City Bank is entitled to life insurance benefits not to exceed $500,000. Therefore, Lake City Bank is asserting its rights to the life insurance proceeds payable under your policy in an amount up to $500,000.
> . . . Unless some agreement can be reached between all of the claimed beneficiaries to the life insurance proceeds, we believe the most prudent step for your company to take is to initiate an interpleader action in Fort Wayne, Indiana naming all of the claimed beneficiaries, including Lake City Bank, as defendants with the proceeds of the life insurance policy deposited with the Clerk of the Court. Should your company refuse to honor the lien or refuse to initiate an interpleader action, Lake City Bank intends to enforce its equitable lien directly against your company.

(ECF No. 68-3 at 47–49.) Counsel for Lake City Bank also sent a letter dated June 4, 2009, to

Standard Insurance in which it spelled out its equitable lien claim to the proceeds of the Standard

Insurance policy, encouraged Standard Insurance to initiate an interpleader action, and stated

that if Standard Insurance refuses to honor Lake City Bank's equitable lien or refuses to initiate

an interpleader action, Lake City Bank "[i]ntends to enforce its equitable lien directly against

your company." (ECF No. 68-3 at 41.)

By a letter dated June 16, 2009, Standard Insurance informed counsel for Lake City Bank

of its determination that no life insurance benefits are payable to Lake City Bank pursuant to

ERISA and the terms of the Standard Insurance policy. In the June 16, 2009, determination

letter, Standard Insurance advised Lake City Bank of the following basis for its determination

that no benefits are payable to Lake City Bank under the policy:

> ERISA requires us to pay the benefit to the named beneficiaries pursuant to the terms of the group policy. The settlement agreement executed by Mr. Lyons did not effect a beneficiary change under the terms of the Barrett & McNagny, LLP Group Policy.
>
> The settlement agreement does not operate as an assignment of the benefit. Even if Mr. Lyons had executed an assignment, the Barrett & McNagny, LLP Group Policy does not permit assignments.
>
> ERISA case law supports that the Barrett & McNagny, LLP  Group Policy's anti-assignment provision prevents the Bank from claiming the benefit as an assignee/beneficiary.
>
> Finally, ERISA would preempt application of any state law equitable lien theory against payment of the benefit to the named beneficiaries.
>
> Therefore, we intend to release the Life Insurance benefit to the named beneficiary(ies) of the Group Policy.
>
> If you disagree with our decision, you must send us a written request within 15 days after you receive this letter. If we do not receive a response from you by July 6, 2009, we will proceed with releasing benefits to the named beneficiary(ies) of the policy at that time.

(ECF No. 68-3 at 27–28.)

On July 6, 2009, counsel for Lake City Bank provided Standard Insurance with a

"courtesy copy" of its Third-Party Complaint. In the accompanying cover letter, counsel for

Lake City Bank stated that "[t]he Third Party Complaint shall constitute the Bank's written

opposition to The Standard's decision regarding the Bank's claim to the life insurance proceeds"

under the Standard Insurance policy. (ECF No. 68-2 at 74.)

All administrative remedies have been exhausted and/or further administrative

proceedings would be futile.

# DISCUSSION

## A.     Motions to Strike

Lake City Bank has moved to strike evidence designated by Cynthia K. Lyons. Specifically, Lake City Bank asks the Court to strike copies of the Reliance Standard policy and the LINA policy that were submitted by Cynthia K. Lyons with her Motion for Summary Judgment because the documents were not properly authenticated and lack the necessary foundation. On January 15, 2010, Cynthia K. Lyons supplemented the record with an Affidavit of Peter Sailor, Assistant Vice President of Reliance Standard, which provides the foundation for the Reliance Standard policy. As for the LINA policy, she argues that circumstantial evidence is sufficient to establish the authenticity of the document and that there is a prima facie showing of genuineness.

In deciding a motion for summary judgment, the Court may consider "any material that would be admissible or usable at trial," including "properly authenticated and admissible documents or exhibits." *Smith v. City of Chi.*, 242 F.3d 737, 741 (7th Cir. 2001) (citing *Woods v. City of Chi.*, 234 F.3d 979, 988 (7th Cir. 2000)). Federal Rule of Evidence 901(a) provides that the "requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." This rule "requires only a prima facie showing of genuineness." *United States v. Harvey*, 117 F.3d 1044, 1049 (7th Cir. 1997). Evidence can be authenticated in various ways, including by affidavit and distinctive characteristics. *See* Fed. R. Evid. 901(b) (providing examples of authentication or identification by "way of illustration only, and not by way of

limitation").

The Court is satisfied that the copies of the policies put forward by Cynthia K. Lyons are what she claims they are. Earlier in this litigation, Cynthia K. Lyons attached copies of the three group life insurance policies to her pleadings filed on August 7, 2009, *see* Fed. R. Civ. Pro. 10(c) (stating that a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes"). In its Answer to Cynthia K. Lyons's Cross-Claim, Lake City Bank references the life insurance policies that Cynthia K. Lyons attached to her Cross-Claim, admits that the insurance companies insured John F. Lyons under specific policy numbers and in specific amounts, and states (as to each policy) that Lake City Bank "neither admits nor denies the [relevant] Exhibit, but indicates that [the] Exhibit [] speaks for itself." (ECF No. 46 at 2–3.) During the pleadings stage of this litigation, neither Lake City Bank nor any other party disputed the authenticity of the attached copies of the policies, and Reliance Standard and LINA were parties to this action when Cynthia K. Lyons submitted the copies of their policies along with her pleadings. Cynthia K. Lyons attached the same copies to her pleadings and her Motion for Summary Judgment. Even though Lake City Bank's Motion to Strike seeks to block consideration of the Reliance Standard policy and the LINA policy with a technical argument about lack of foundation and authenticity, it has not raised any genuine question as to the authenticity of the copies of the policies. Furthermore, in its Response to the summary judgment motions filed by the Lyons parties and Standard Insurance, Lake City Bank essentially concedes that the documents are what Cynthia K. Lyons claims that they are.[2] Additionally, the copies of

---

[2] In its Response, Lake City Bank states:
[I]n the event that Lake City's Motion to Strike Designated Evidence of Cynthia K. Lyons is denied by the Court, both the Reliance Policy and [the LINA] Policy allow assignment of the life insurance benefits due thereunder. Pursuant to the terms of the Reliance Policy, "any benefit provided under the policy may be transferred by assignment." (Cynthia Lyons Appendix, Ex. "D", pg. 3). Similarly, under the terms of the Cigna Policy, the benefits may be assigned upon [LINA's]

the policies on their face include signs of authenticity, such as insurance certificates, policy numbers, names of the respective insurance companies on the policies, and explicit links of the policies to the policyholder (Barrett & McNagny). Consequently, Lake City Bank's Motion to Strike will be denied.

Standard Insurance has moved to strike the Affidavit of Michael E. Gavin submitted by Lake City Bank. Standard Insurance argues that this Affidavit is outside the administrative record. Standard Insurance is correct that this Court is limited to the administrative record in reviewing its decision. *See Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 982 (7th Cir. 1999) (adopting the majority rule that "when review under ERISA is deferential, courts are limited to the information submitted to the plan's administrator"). However, as Lake City Bank points out, the bank has also asserted claims against the Lyons parties, and it uses the Affidavit to authenticate documents upon which such claims are founded. The Court will grant in part and deny in part Standard Insurance's Motion to Strike. The Motion will be granted as to the Court's review of Standard Insurance's determination of Lake City Bank's claim, but it will denied as to the Court's consideration of Lake City Bank's claims against the Lyons parties.

## B.  Motions for Summary Judgment

There is no dispute that the life insurance policies at issue in this case are employee welfare benefit plans governed by ERISA. The Lyons parties claim entitlement to the proceeds of the three life insurance policies because they are the designated beneficiaries and because

receipt of an original or certified copy of the assignment (Cynthia Lyons Appendix, Ex. "F", pg. 11).
(ECF No. 84 at 4.) Although Lake City Bank makes this argument in the alternative, its argument is not the sort made by a party who truly questions the authenticity of the documents.

John F. Lyons never changed the beneficiaries or executed any assignment. Standard Insurance's position is essentially aligned with that of the Lyons parties, but its policy is just one of the three involved in this litigation. Reliance Standard and LINA are no longer parties to this action, and the proceeds of the Reliance Standard policy and the LINA policy have already been deposited with the Clerk of this Court. Lake City Bank presents a rival claim to the proceeds of the three life insurance policies based upon an equitable lien theory under ERISA and an unjust enrichment theory under state law.

1.      *Lake City Bank's Claimed Beneficiary Status Under ERISA*

For Lake City Bank to prevail on its equitable lien claim under ERISA and recover proceeds from the group life insurance policies, the bank must have, at least, a colorable claim under ERISA. In its Memorandum in Support of its Motion for Summary Judgment, Lake City Bank references 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3) in claiming that it is a "beneficiary" under ERISA entitled to assert a claim to the life insurance proceeds.

ERISA § 502(a)(1)(B) authorizes a civil action to be brought "by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). ERISA § 502(a)(3) authorizes a civil action to be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). "[B]ecause ERISA authorizes suits for plan benefits only by participants, beneficiaries, fiduciaries, or the Secretary of Labor, 29 U.S.C. § 1132(a), an

assignee who does not come under one of these descriptions is ineligible to maintain the suit."

*Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 615 (7th Cir. 2002) (citation omitted).

In support of its claim of beneficiary status, Lake City Bank points to section 5(b) of the settlement agreement in which John F. Lyons agreed to execute assignments of the life insurance policies in favor of Lake City Bank. However, Lake City Bank concedes that John F. Lyons never signed or delivered assignments to Reliance Standard, LINA, or Standard Insurance. In other words, Lake City Bank has acknowledged that John F. Lyons did not assign the life insurance policies. Similarly, in its Memorandum in Support of its Motion for Summary Judgment, Lake City Bank recognizes that the language of the insurance policies "may require a written change of beneficiary form in order to effectuate an assignment of benefits" (ECF No. 73 at 7), but the bank comes forward with no evidence having the tendency to show that John F. Lyons executed any written change of beneficiary forms.

Under ERISA, a "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). A party "can demonstrate that it 'may become entitled to a benefit,' and therefore be considered a 'beneficiary' for jurisdictional purposes, only if it can show that at the time it filed suit it had a colorable claim to vested benefits." *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 878 (7th Cir. 2001). The Seventh Circuit has differentiated between having a "colorable claim" for purposes of jurisdiction, which is not a stringent requirement, and having a claim on which the plaintiff ultimately succeeds. *Id.* "A plaintiff achieves status as a beneficiary if [it] ha[s] even an 'arguable' claim: '[o]nly if the language of the plan is so clear that any claim as an assignee must be frivolous is jurisdiction lacking.'" *Id.* (quoting *Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir. 1991). For a claim to be one for "vested benefits," the plaintiff "must have a

colorable claim to benefits which the employer promised to provide pursuant to the employment relationship and which a non-frivolous argument suggests have accrued to the employee's benefit." *Id.* at 879 n.11 (quotation marks and citation omitted).

The Court finds that, at the time Lake City Bank filed its Answer, Third Party Complaint, and Cross-Claim, it did not have a colorable claim to vested benefits. In its Memorandum in Support of its Motion for Summary Judgment, Lake City Bank cites no federal case that recognizes a claim analogous to its claim here. In the case it relies on for the colorable claim standard, *Neuma, Inc.*, the former employee had assigned all of his right to his life insurance benefits to Neuma, Inc. *Id.*, 259 F.3d at 867–68. However, in this case, John F. Lyons merely agreed to execute assignments, but he never actually assigned his rights or changed the beneficiaries of the life insurance policies. Because Lake City Bank had no colorable claim to vested benefits, it is not a beneficiary for jurisdictional purposes and has no claim as a beneficiary under 29 U.S.C. § 1132(a)(1)(B) or § 1132(a)(3). Lake City Bank presents no other authority or ground for a claim under ERISA.[3] For these reasons, Lake City Bank's equitable lien claim under ERISA fails as a matter of law.

---

[3] From Lake City Bank's pleadings and briefs, it appears that the bank's equitable lien claim is predicated upon ERISA, and not state law. However, to the extent that Lake City Bank's pleadings could be read to assert a state-law equitable lien claim to the policy proceeds, such a claim would be preempted by ERISA. Regarding ERISA preemption, the Supreme Court has observed:

> Congress enacted ERISA to "protect . . . the interests of participants in employee benefit plans and their beneficiaries" by setting out substantive regulatory requirements for employee benefit plans and to "provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions, see ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be "exclusively a federal concern." *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981).

*Aetna Health, Inc. v. Davila*, 542 U.S. 200, 208 (2004). The preemption provision of ERISA states: "Except as provided in subsection (b) of this section, the provisions of this subchapter . . . shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). A state cause of action "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *Ingersoll-Rand, Co. v. McClendon*, 498 U.S. 133, 139 (1990). Lake City Bank's equitable lien claim, which is predicated upon the terms of the settlement agreement, relates to the insurance policies, and consideration of its claim would require the Court to evaluate the validity of assignments under the policies.

**2.      *Rightful Beneficiaries of the Reliance Standard and LINA Life Insurance Policies***

Reliance Standard and LINA proceeded in interpleader and deposited the proceeds of their life insurance policies with the Clerk of this Court. Considering that Lake City Bank is not a beneficiary and has no claim to the proceeds, that Reliance Standard and LINA have been dismissed from this case, and that the proceeds are being held by the Court, the Court determines the rightful beneficiaries of the life insurance policies by interpreting the ERISA plans and applying the federal common law rules of contract interpretation. *See Kamler v. H/N Telecomm. Servs., Inc.*, 305 F.3d 672, 680 (7th Cir. 2002) (citing *Neuma, Inc.*, 259 F.3d at 873). These rules require the Court to interpret the terms of an ERISA plan "in an ordinary and popular sense as would a person of average intelligence and experience." *Id.* (quotation marks and citation omitted). The Court must determine whether the terms of the document governing the ERISA plan are ambiguous, and if there is no ambiguity, the Court will not look beyond the four corners of the plan to interpret its meaning. *See id.*

The terms of the Reliance Standard policy are not ambiguous. It provides for payment to the named beneficiaries, and Cynthia K. Lyons, John E. Lyons, and Michael B. Lyons are the named beneficiaries of the Reliance Standard policy. The policy designated 33 and 1/3% of the proceeds to each beneficiary. Consequently, Cynthia K. Lyons, John E. Lyons, and Michael B. Lyons are each entitled to receive 33 and 1/3% of the proceeds of the Reliance Standard life insurance policy.

Likewise, the terms of the LINA policy are not ambiguous. It provides for payment of the life insurance benefit to the named beneficiaries, and Cynthia K. Lyons, John E. Lyons, and Michael B. Lyons are the named beneficiaries of the LINA policy. The policy designates 50% of the proceeds to Cynthia K. Lyons, 25% of the proceeds to John E. Lyons, and 25% of the

proceeds to Michael B. Lyons. Consequently, Cynthia K. Lyons is entitled to receive 50% of the proceeds of the LINA life insurance policy, and John E. Lyons and Michael B. Lyons are each entitled to receive 25% of the proceeds of the LINA life insurance policy.

3.      *Rightful Beneficiaries of the Standard Insurance Life Insurance Policy*

The Standard Insurance policy grants Standard Insurance broad discretion to control and manage the policy, administer claims, interpret the policy, and resolve all questions arising in the administration, interpretation, and application of the policy. This discretion includes the right to resolve all matters when a review has been requested, the right to establish and enforce rules and procedures for the administration of the policy and any claim under it, and the right to determine entitlement to benefits, amount of benefits payable, and sufficiency and amount of information reasonably required to make these determinations.

When an ERISA insurance plan grants an administrator discretion to construe terms and determine coverage under the policy, which the Standard Insurance policy clearly does, a reviewing court may not overturn the administrator's interpretation unless the administrator's determination was arbitrary or capricious. *Ruttenberg v. U.S. Life Ins. Co.*, 413 F.3d 652, 659 (7th Cir. 2005); *see also Davis v. Unum Life Ins. Co. of Am.*, 444 F.3d 569, 575 (7th Cir. 2006) (stating, in a case arising under 29 U.S.C. § 1132(a)(1)(B), that benefit determinations are reviewed under the arbitrary or capricious standard when the terms of the employee benefit plan afford the plan administrator broad discretion to interpret the plan and determine benefit eligibility); *Sisto v. Ameritech Sickness & Accident Disability Benefit Plan*, 429 F.3d 698, 700 (7th Cir. 2005) (same). Under this standard, so long as the administrator "makes an informed judgment and articulates an explanation for it that is satisfactory in light of the relevant facts,"

then the administrator's determination is to be upheld. *Exbom v. Cent. States, Se. and Sw. Areas Health & Welfare Fund*, 900 F.2d 1138, 1143 (7th Cir. 1990); *see also Russo v. Health, Welfare & Pension Fund*, 984 F.2d 763, 765 (7th Cir. 1993). Under the arbitrary or capricious standard, the reviewing court "do[es] not ask whether the administrator reached the correct conclusion or even whether it relied on the proper authority." *Kobs v. United Wis. Ins. Co.*, 400 F.3d 1036, 1039 (7th Cir. 2005). Rather, the question before a reviewing court is whether the administrator's "decision has 'rational support in the record.'" *Davis*, 444 F.3d at 576 (quoting *Leipzig v. AIG Life Ins. Co.*, 362 F.3d 406, 409 (7th Cir. 2004)). "Put simply, an administrator's decision will not be overturned unless it is downright unreasonable." *Id.* (quotation marks and citation omitted).

The Court finds that Standard Insurance's decision to deny Lake City Bank's claim based upon its determination that no life insurance benefits are payable to the bank pursuant to ERISA and the terms of the policy was an informed judgment that has rational support in the record. The Court also finds that in its determination letter dated June 16, 2009, to counsel for Lake City Bank, Standard Insurance provided a satisfactory explanation in light of the facts. The record before the Court shows that Standard Insurance received and considered the claim presented by Lake City Bank, inquired of Barrett & McNagny regarding beneficiary forms, requested additional information, evaluated the information provided by the bank, and reviewed the applicable policy terms and relevant legal authority. Standard Insurance reasonably determined that the bank was not designated as a beneficiary of the policy. The record before the Court includes a copy of the beneficiary designation form executed by John F. Lyons, and there is no evidence that John F. Lyons executed or delivered a beneficiary change to Barrett & McNagny or Standard Insurance consistent with the specific requirements for changing beneficiaries under

the Standard Insurance policy. Standard Insurance also reasonably concluded that the settlement agreement does not operate as an assignment of the benefit and that the policy prohibited assignments rendering the bank unable to claim a right to the proceeds under the settlement agreement. In the settlement agreement, which is part of the administrative record, John F. Lyons agreed to executed assignments, but he never actually did. Additionally, the Standard Insurance policy provides in clear terms that rights and benefits under the policy cannot be assigned and that the benefit payable under the policy is to be paid to the named beneficiary. For these reasons, the Court finds that Standard Insurance's determination was neither arbitrary nor capricious.

**4.**     ***Lake City Bank's Unjust Enrichment Claim Under State Law***

Lake City Bank asserts a claim of unjust enrichment in its Cross-Claim against the Lyons parties. In its Memorandum in Support of its Motion for Summary Judgment, the bank characterizes this claim as a state law claim against the Lyons parties for unjust enrichment. To the extent that this unjust enrichment claim can be construed as a state-law claim to the life insurance benefits under the life insurance policies, this claim is preempted by ERISA, and as the Court has already determined, Lake City Bank is not a beneficiary and has no claim to the proceeds under ERISA.

To the extent that Lake City Bank is asserting a claim under state law that it is inequitable or unjust for the Lyons parties to retain money they rightfully receive as the designated beneficiaries of the life insurance policies, the basis for the Court's subject-matter jurisdiction is supplemental jurisdiction under 28 U.S.C. § 1367(a) (extending federal district court jurisdiction to all claims that are so related to a claim within the court's original

jurisdiction that they form part of the same case or controversy within the meaning of Article III of the Constitution). Section 1367(a) authorizes federal courts to exercise supplemental jurisdiction over state-law claims, but district courts have discretion to decline to exercise jurisdiction over supplemental state-law claims for several reasons that are enumerated in § 1367(c). Subsection (c)(3) states that a court may decline to exercise supplemental jurisdiction when the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Assoc. Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994). The Seventh Circuit has identified three situations where a court should retain jurisdiction over supplemental claims even though the federal claims have dropped out: where the statute of limitations would bar the refiling of the supplemental claims in state court; where substantial federal judicial resources have already been expended on the resolution of the supplemental claims; and where it is obvious how the claims should be decided. *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 906–07 (7th Cir. 2007) (citing *Wright*, 29 F.3d at 1251–52).

In this case, it does not appear that the statute of limitations would bar the refiling of Lake City Bank's state-law unjust enrichment claim in state court. Furthermore, substantial federal judicial resources have not been expended on the resolution of the supplemental state-law claim. In fact, the parties agreed that no discovery was necessary before they filed and briefed their summary judgment motions. Additionally, it is not obvious how Lake City Bank's unjust enrichment claim should be decided, and it appears that, to the extent Lake City Bank has a claim against the Lyons parties, such a claim would require reference to the settlement agreement and the notes, not the life insurance policies. Therefore, now that all claims over

which the Court had original jurisdiction have dropped out, the Court declines to exercise supplemental jurisdiction over Lake City Bank's state-law unjust enrichment claim, and it will be dismissed.

**5.** *Attorney's Fees and Costs*

In their Motions for Summary Judgment and supporting materials, the Lyons parties and Standard Insurance have asked the Court to award attorney's fees and costs against Lake City Bank. Lake City Bank responds that its claim was made in good faith based upon the settlement agreement signed by John F. Lyons. Lake City Bank also asserts that the request for attorney's fees and costs under 29 U.S.C. § 1132(g)(1) is premature, but the Lyons parties and Standard Insurance believe otherwise.

Under ERISA's fee-shifting statutory provision, 29 U.S.C. § 1132(g)(1), this Court has discretion to allow reasonable attorney's fees and costs to either party. Under Seventh Circuit precedent, there is a modest, rebuttable presumption in favor of awarding fees to the prevailing party. *Senese v. Chi. Area I.B. of T. Pension Fund*, 237 F.3d 819, 826 (7th Cir. 2001). "An award of fees to a successful defendant may be denied if the plaintiff's position was both 'substantially justified'—meaning something more than non-frivolous, but something less than meritorious—and taken in good faith, or if special circumstances make an award unjust." *Id.*

This case presents fairly unusual circumstances. John F. Lyons entered into a settlement agreement with Lake City Bank related to financial obligations he owed the bank, and he promised to execute assignments of his group life insurance policies to Lake City Bank, but he never executed any assignments or changed the beneficiaries before he died. The settlement agreement and the promise of John F. Lyons (the participant in the welfare benefit plan) to

execute assignments provide some justification for the bank's position. Additionally, two insurance companies recognized the conflicting claims to the life insurance proceeds and, by way of interpleader, deposited the proceeds and were dismissed from this case. It was not Lake City Bank but one of these now-dismissed insurance company parties that instituted this lawsuit, albeit after the bank claimed a right to the proceeds and suggested an interpleader action. The unusual circumstances of this case suggest that there is little by way of deterrent effect to be gained from awarding a fee in this case. Although the Court has found that Lake City Bank has no colorable claim as a beneficiary under ERISA and the policies, nothing in the record suggests that Lake City Bank acted in bad faith or that Lake City Bank was simply out to harass the other parties. For these reasons, the Court denies the requests of the Lyons parties and Standard Insurance for attorney's fees and costs under 29 U.S.C. § 1132(g)(1).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Cynthia K. Lyons's Motion for Summary Judgment [ECF No. 69], John E. Lyons and Michael B. Lyons's Joint Motion for Summary Judgment [ECF No. 75], and Standard Insurance's Motion for Summary Judgment [ECF No. 77]. The Court DENIES Lake City Bank's Motion for Summary Judgment [ECF No. 72]. The Court DENIES Lake City Bank's Motion to Strike Designated Evidence of Cynthia K. Lyons [ECF No. 85] and GRANTS IN PART and DENIES IN PART Standard Insurance's Motion to Strike the Affidavit of Michael E. Gavin [ECF No. 86]. The Court DENIES the requests of the Lyons parties and Standard Insurance for attorney's fees and costs under 29 U.S.C. § 1132(g)(1). The Court SETS this matter for a telephonic status conference on January 20, 2011, at 10:30 a.m. to address the entry of judgment and the distribution of funds. The Court will initiate the call.

SO ORDERED on November 29, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT