**UNITED STATES DISTRICT COURT**
                        **NORTHERN DISTRICT OF INDIANA**
                        **FORT WAYNE DIVISION**

| | |
|---|---|
| RELIANCE STANDARD LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:09-CV-158-TS |
| ) | |
| CYNTHIA K. LYONS, JOHN E. LYONS, ) | |
| MICHAEL B. LYONS, and LAKE CITY BANK, ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| LAKE CITY BANK, ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE STANDARD INSURANCE COMPANY, ) | |
| and CIGNA CORPORATION a/k/a ) | |
| CIGNA GROUP INSURANCE COMPANY, ) | |
| ) | |
| Third Party Defendants. ) | |
| _____) | |
| LAKE CITY BANK, ) | |
| ) | |
| Cross-Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| CYNTHIA K. LYONS, JOHN E. LYONS, and ) | |
| MICHAEL B. LYONS, ) | |
| ) | |
| Cross-Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Rule 59 Motion to Alter or Amend Judgment [ECF No. 95], filed by John E. Lyons and Michael B. Lyons; a Motion to Alter or Amend a Judgment [ECF No. 96], filed by Cynthia K. Lyons; and a Motion to Alter or Amend the Court's Opinion

and Order [ECF No. 98], filed by Standard Insurance Company. These Motions are fully briefed and ripe for ruling.

## PROCEDURAL BACKGROUND

In its November 29, 2010, Opinion and Order [ECF No. 92], the Court summarized the procedural history of this case, and the Court will not recount that procedural background here. In its November 29, 2010, Opinion and Order, the Court granted Cynthia K. Lyons's Motion for Summary Judgment, John E. Lyons and Michael B. Lyons's Joint Motion for Summary Judgment, and Standard Insurance's Motion for Summary Judgment, and the Court denied Lake City Bank's Motion for Summary Judgment. In its Opinion and Order, the Court also determined that it would decline to exercise supplemental jurisdiction over Lake City Bank's state-law unjust enrichment claim. Additionally, the Court denied the requests of Cynthia Lyons, John E. Lyons, Michael B. Lyons, and Standard Insurance Company for attorney's fees and costs under 29 U.S.C. § 1132(g)(1). In its Opinion and Order, the Court set this matter for a telephonic status conference to "address the entry of judgment and the distribution of funds." (ECF No. 92 at 27.)

On December 17, Cynthia K. Lyons, John E. Lyons, and Michael B. Lyons (collectively, the Lyons parties) filed an Agreement and Stipulation [ECF No. 93]. On December 27, John E. Lyons and Michael B. Lyons filed a Rule 59 Motion to Alter or Amend Judgment [ECF No. 95], Cynthia K. Lyons filed a Motion to Alter or Amend a Judgment [ECF No. 96] and a Memorandum in Support [ECF No. 97], and Standard Insurance Company filed a Motion to Alter or Amend the Court's Opinion and Order [ECF No. 98], a Memorandum in Support [ECF No. 99], and evidentiary materials [ECF No. 99-1 & 99-2]. On January 7, 2011, Lake City Bank

filed a Response [ECF No. 100] to the Motions to Alter or Amend, and on January 14, Standard Insurance Company filed a Reply [ECF No. 101]. On January 18, the Court later vacated the telephonic status conference based upon the parties' Motions to Alter or Amend. On January 26, the Lyons parties filed a Motion for Distribution of Death Benefits [ECF No. 102].[1]

**DISCUSSION**

In their Motions to Alter or Amend, the Lyons parties and Standard Insurance Company ask the Court to alter or amend the judgment and its November 29, 2010, Opinion and Order. Specifically, they argue that the Court erred in denying their requests for attorney's fees and costs and in determining that Lake City Bank's state-law unjust enrichment claim should be dismissed, and they request that the Court change its rulings on these issues. The parties predicate their Motions on Federal Rule of Civil Procedure 59(e), and they filed their Motions within twenty-eight days of the Court's issuance of its Opinion and Order. However, the Court has not ordered the entry of judgment in this case, and judgment has not been entered. *See* Fed. R. Civ. P. 58. The Court's Opinion and Order was not a judgment, and consequently Rule 59(e) does not apply.

The Court construes the Motions to Alter or Amend as Rule 54(b) Motions to Reconsider the Court's prejudgment interlocutory decision.[2] Rule 54(b) provides in relevant part:

---

[1] In this Opinion and Order, the Court addresses the Motions to Amend or Alter. The Agreement and Stipulation and the Motion for Distribution of Death Benefits will remain pending as the Court and the parties work out any remaining issues.

[2] It appears that the parties intended to request that the Court reconsider its nonfinal order. They have not moved pursuant to Rule 60(b), which provides for "relief from a final judgment, order, or proceeding." Additionally, Rule 60(b) is an extraordinary remedy "designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Eskridge v. Cook*

3

> [A]ny order or other decision, however, designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

A court may reconsider prejudgment interlocutory decisions at any time prior to final judgment. *In re 949 Erie St., Racine, Wis.*, 824 F.2d 538, 541 (7th Cir. 1987) (citing *Cameo Convalescent Ctr., Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986)). Although a court may, under the "law of the case" doctrine, refuse to reconsider or reopen an issue that it has already decided in the same case, the court has "the discretion to make a different determination of any matters that have not been taken to judgment or determined on appeal." *Percy*, 800 F.2d at 110; *see also Pickett v. Prince*, 207 F.3d 402, 407 (7th Cir. 2000) ("Unlike the case in which a judgment is sought to be vacated, . . . a motion to reconsider a ruling is constrained only by the doctrine of the law of the case. And that doctrine is highly flexible, especially when a judge is being asked to reconsider his own ruling."). A motion to reconsider serves a limited function, and it must be based on a need to "correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quotation marks and citations omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v.*

---

*County*, 577 F.3d 806, 809 (7th Cir. 2009). The district court may grant Rule 60(b) relief only "under the particular circumstances listed in the text of the rule," *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995), and the parties have not addressed the Rule 60(b) circumstances in their arguments. Additionally, Rule 60(b) motions are not meant to correct legal errors made by the district court. *See Marques v. Fed. Reserve Bank of Chi.*, 286 F.3d 1014, 1017–18 (7th Cir. 2002) ("A legal error by the district court is not one of the specified grounds for [a Rule 60(b)] motion. In fact it is a forbidden ground.").

*Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *CBI Indus.*, 90 F.3d at 1270.

No party has suggested that reconsideration is warranted because of newly discovered evidence, and the parties have not shown any manifest error of law or fact. The Lyons parties and Standard Life Insurance disagree with this Court's exercise of its discretion on two matters: the attorney's fees and costs issue, and the exercise of supplemental jurisdiction over Lake City Bank's state-law unjust enrichment claim. In their summary judgment materials, the parties addressed the issues of attorney's fees and costs and the Court's supplemental jurisdiction over the state-law unjust enrichment claim, and the Court carefully considered the arguments presented by all of the parties in ruling on the summary judgment motions.

Looking at the specific issues addressed in the Motions to Reconsider, regarding the attorney's fees and costs issue, the Lyons parties and Standard Insurance Company argue that Lake City Bank's position was not substantially justified, that the Lyons parties and Standard Insurance Company were successful on the merits, and that they are eligible for (and even entitled to) attorney's fees and costs. In its Motion and supporting materials, Standard Insurance Company attempts to distinguish the circumstances related to its life insurance policy from the circumstances related to the other two life insurance policies. In their Motion, John E. Lyons and Michael B. Lyons cite *Hardt v. Reliance Standard Life Insurance Co.*, 130 S. Ct. 2149 (2010), and argue that in holding that a claimant need not be a "prevailing party" to recover fees and that it need only show "some success on the merits," the *Hardt* Court abrogated *Tate v. Long Term Disability Plan*, 545 F.3d 555 (7th Cir. 2008). *Hardt*, 130 S. Ct. at 2156, 2158.

5

In its November 29, 2010, Opinion and Order, the Court clearly conveyed its understanding that the terms of the life insurance policies varied regarding assignments. However, the Court remains convinced that the facts of this case, which involve an insured who promised Lake City Bank to execute assignments of his group life insurance policies to the bank but who died without executing any assignments or changing the beneficiaries, present fairly unusual circumstances. The Court ultimately determined that Lake City Bank was not a beneficiary and had no claim as a beneficiary, but Lake City Bank's desire to have a judicial determination of rights does not demonstrate that it was acting in bad faith or that it was simply out to harass the other parties. The circumstances of this case are unusual whether considered in relation to the terms of Standard Insurance Company's policy or the terms of the other two life insurance policies. Additionally, the Court has reviewed the *Hardt* opinion, in which the Supreme Court reiterated that a district court has discretion to award attorney's fees to either party under 29 U.S.C. § 1132(g)(1). In its November 29, 2010, Opinion and Order, this Court stated this same standard when it exercised its discretion in its earlier Opinion and Order and denied the request for attorney's fees and costs. In addressing this issue, this Court was mindful of the multi-factor test discussed in *Sullivan v. William A. Randolph, Inc.*, 504 F.3d 665, 670–72 (7th Cir. 2007) (discussing the substantial justification test and a five-factor test), and the Court's ruling referenced some of the factors, Lake City Bank's justification for its litigation position, and the unusual circumstances of this case. It is understandable that the parties that succeeded on summary judgment in this case would want to recover their attorney's fees and costs, but the statute does not mandate an award of attorney's fees and costs when a party attains some success on the merits. To the contrary, it remains a matter within the district court's discretion, and the

Court reached its conclusion on attorney's fees and costs by applying the applicable standard, considering the relevant factors, and evaluating the parties' claims and arguments and the circumstances of this case. The Court is not persuaded that its ruling on the attorney's fees and costs issue was in error.

Regarding Lake City Bank's unjust enrichment claim, the Lyons parties argue that the claim is preempted by the Employee Retirement Income Security Act (ERISA) because the claim relates to an employee benefit plan and that the Court should exercise supplemental jurisdiction over that claim and grant the Lyons parties summary judgment on that claim. The Court continues to believe: (1) to the extent that Lake City Bank's unjust enrichment claim can be construed as a state-law claim to the life insurance benefits under the life insurance policies, this claim is preempted by ERISA, but (2) to the extent that Lake City Bank is asserting a claim under state law that it is inequitable or unjust for the Lyons parties to retain money they rightfully receive as the designated beneficiaries of the life insurance policies, the basis for the Court's subject-matter jurisdiction is supplemental jurisdiction under 28 U.S.C. § 1367(a), and this claim should be dismissed without prejudice. It is not for this Court to determine or suggest how Lake City Bank may plead this claim in the event it decides to bring a lawsuit in state court against the estate of John F. Lyons or the Lyons parties. The Court is not convinced that its decision to decline to exercise supplemental jurisdiction over this claim was in error.

For these reasons, the Court finds that the Lyons parties and Standard Life Insurance have not demonstrated a disregard, misapplication, or failure to recognize controlling precedent. The Motions do little more than reargue or reframe arguments that the parties have already made and that the Court has already considered and addressed. Consequently, the Court will deny the

Motions to Alter or Amend Judgment/Motions to Reconsider.

## CONCLUSION

For the foregoing reasons, the Court DENIES John E. Lyons and Michael B. Lyons's Rule 59 Motion to Alter or Amend Judgment [ECF No. 95], Cynthia K. Lyons's Motion to Alter or Amend a Judgment [ECF No. 96], and Standard Insurance Company a Motion to Alter or Amend the Court's Opinion and Order [ECF No. 98], which the Court has construed as Rule 54(b) Motions to Reconsider. The Court TAKES UNDER ADVISEMENT the Agreement and Stipulation [ECF No. 93] and the Motion for Distribution of Death Benefits [ECF No. 102]. By a separate order, the Court will set this matter for a telephonic status conference to address the entry of judgment (including declaratory relief) and the distribution of funds.

SO ORDERED on February 22, 2011.

                                        /s/ Theresa Springmann
                                        THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT